# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | No. CR09-3013 |
| vs. | | ORDER FOR PRETRIAL DETENTION |
| KEVIN DONDI CRAIG, | | |
| Defendant. | | |

On the 17th day of April, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Rebecca Goodgame Ebinger. The Defendant appeared personally and was represented by his attorney, JoAnne Lilledahl.

## RELEVANT FACTS

On April 7, 2009, Defendant Kevin Dondi Craig was charged by Indictment (docket number 2) with the crime of being a felon in possession of firearms and ammunition. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on June 8, 2009.

Special Agent Dee Loper of the Department of Alcohol, Tobacco & Firearms (ATF) testified regarding the circumstances underlying this charge.

On November 24, 2008 at 10:24 p.m., Butler County, Iowa, authorities received a report of a woman and a baby walking down a road. Upon investigation, officers found Cheryl Walters, a/k/a Cheryl Larson, at a residence. Walters is Defendant's step-daughter. Walters told officers that she had been at Defendant's residence, where Defendant and others were drinking. Defendant shot a firearm out the front door. Later, Defendant came into the bedroom where Walters was sleeping and tried to wake her up

by grabbing her hair. Walters was frightened by the incident and therefore decided to walk to another residence.

Officers then went to Defendant's residence, where they were let in by Kevin Sawville. Officers observed various guns, ammunition, and drug paraphernalia. Defendant was directed to come out of the bedroom and he complied, wearing only a blanket. Cindy Jensen was also directed to come out of the bedroom, but was given time to get dressed.

After being *Mirandized*, Defendant admitted that he had shot a weapon out the front door earlier that evening. Defendant also told officers that he had done the same thing the day before. Defendant also admitted going into Walters' room in an effort to wake her up.

Butler County authorities then obtained and executed a state search warrant, which yielded nine firearms, a black powder pistol, and ammunition. Most of the weapons were found in the bedroom which Defendant was occupying when officers first arrived. Officers asked Defendant for permission to swab his hands, but he denied permission, telling officers that he had already admitted shooting the weapon and he did not see any reason to submit to further testing.

According to the pretrial services report, Defendant was born in Tennessee, but has lived for extended periods of time in Texas, Arizona, Washington, Alaska, Tennessee, and Michigan. Three years ago, Defendant and his wife moved to Iowa in order to be closer to his wife's daughter (Walters). Defendant has been married three times, and has two children from his first marriage, who live in Tennessee.

Defendant is a self-employed carpenter. In 2007, however, Defendant was unable to work much due to the medication he was taking for his Hepatitis C virus. In 2008, Defendant claimed a $3,000 loss on his self-employment. Defendant's proffer indicated, however, that there may be repair jobs available for him if released.

Defendant takes medication for high blood pressure and high cholesterol. He has been treated in the past for viral hepatitis and tuberculosis, but did not report any other

medical problems. Defendant has no history of mental health problems. Defendant admits using controlled substances in the past, including marijuana, methamphetamine, cocaine, and heroin. Defendant denies any use, however, in the last eight years. Defendant admitted that he consumes alcohol daily. Following an arrest for operating while intoxicated, Defendant successfully completed a six-week outpatient program through Pathways in Waverly. The OWI charge is still pending, although a plea change is apparently scheduled on May 6, 2009.

On May 20, 2001, Defendant was charged in Benton County, Tennessee, with incest, rape, sexual battery, and child abuse. On June 20, 2001, Defendant was charged in Henry County, Tennessee, with sexual battery. Defendant was subsequently arrested in California on the Tennessee charges and was extradited to Tennessee in January 2002. Defendant was subsequently convicted of the two sexual battery charges and the child abuse charge.

On September 23, 2008, Defendant was charged with operating while under the influence in Butler County, Iowa. Following the incident which gives rise to the instant charge, Defendant was charged in state court with domestic abuse assault, possession of drug paraphernalia, and possession of a controlled substance. All of the state court charges are pending.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been

charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with the crime of being a felon in possession of firearms and ammunition, one of the offenses found in § 3142(f)(1). The Government also alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

4

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, the Defendant is charged with being a felon in possession of firearms and ammunition. The weight of the evidence would appear to be strong. Numerous weapons were found in the bedroom of the house where Defendant was residing, and Defendant admitted shooting a weapon on that night and the prior night. Defendant has limited ties to the State of Iowa. While Defendant has lived in this state for three years, he has also lived in various other states as an adult. In fact, Defendant told the pretrial services officer that he had intended to return to Tennessee until the instant charges were brought. Defendant does not have steady employment in Iowa. Defendant admits using alcohol on a daily basis, despite a pending OWI charge and having recently completed a substance abuse program. Defendant has two prior felony convictions for sexual assault. It was necessary to extradite Defendant from California to Tennessee in order to respond to those charges.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions

will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1.     The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.     The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3.     On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.     The time from the Government's oral motion to detain (April 10, 2009) to the filing of this Ruling (April 20, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act.    18 U.S.C. § 3161(h)(1)(F).

DATED this 20th day of April, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA